**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

RYAN JARROD STANFORD,          :
                                                      :
                   Plaintiff                       :
                                                      :
vs.                                                  :
                                                      :
SUPREME COURT OF THE UNITED      :       NO. 5:06-CV-234(DF)
STATES, President GEORGE W. BUSH,  :
and Clerk WILLIAM K. SUTER,          :
                                                      :
                   Defendants                   :       **ORDER**

Plaintiff **RYAN JARROD STANFORD**, an inmate at Georgia State Prison ("GSP") in

Reidsville, Georgia, has filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. He also

seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C.

§ 1915(a) (Tab # 2).

Stanford v. United States Supreme Court et alUnder the "three strikes" provision of the Prison Litigation Reform Act, a prisoner is Doc. 4

generally precluded from proceeding *in forma pauperis* if at least three prior-prison generated

lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim

upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative

remedies and dismissal for abuse of judicial process are also properly counted as strikes). 28 U.S.C.

§1915(g); Fed.R.Civ.P. 12(b)(6); *see Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998). Section

1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma*

*pauperis* if he alleges he is in "imminent danger of serious injury."

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right

to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the

constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has filed approximately twenty-one civil rights or habeas corpus claims with federal courts while incarcerated. At present, at least nine of these cases have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Stanford v. Georgia Dep't of Corr.*, 1:06-CV-956(ODE) (N.D. Ga. May 15, 2006); *Stanford v. Smith* , 5:05-CV-288(WDO) (M.D. Ga. Feb. 3, 2006) (appeal dismissed as frivolous); *Stanford v. United States District Court, Northern District of Ga*, 5:05-CV-386(CAR) (M.D. Ga. Nov. 23, 2005); *Stanford v. Smith*, 6:05-CV-81(BAE) (S.D. Ga. Nov. 14, 2005); *Stanford v. Smith*, 6:05-CV-56(BAE) (S.D. Ga. Nov. 1, 2005)(Additionally, a later appeal was dismissed as frivolous in this case on Apr. 3, 2006); *Stanford v. Head*, 1:05-CV-1988(ODE) (N.D. Ga. Aug. 25, 2005); and *Stanford v. Smith*, 6:04-CV-149(BAE) (S.D. Ga. June 22, 2005) (Additionally, a later appeal was dismissed as frivolous in this case on Dec. 27, 2005).

As plaintiff has nine strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's claims do not remotely approach allegations of "imminent danger of serious physical injury."

Because plaintiff has nine prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

2

**SO ORDERED**, this _____ day of July, 2006.

DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

DF/cr